**Robert R. CHAVEZ, Plaintiff–Appellant,**

v.

**Dareld KERBY, Defendant–Appellee.**

No. 87–1164.

United States Court of Appeals, Tenth Circuit.

June 8, 1988.

Edwin Macy, Asst. Federal Public Defender (Ann Steinmetz, Asst. Federal Public Defender, with him on the brief), Albuquerque, N.M., for plaintiff-appellant.

Anthony Tupler, Asst. Atty. Gen. (Hal Stratton, Atty. Gen., and Dale S. Morritz, Asst. Atty. Gen., with him on the brief), Santa Fe, N.M., for defendant-appellee.

Before SEYMOUR, MOORE and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Under 28 U.S.C. § 2254, Robert R. Chavez, a state prisoner, filed a petition for a writ of habeas corpus in the United States District Court for the District of New Mexico, naming as the respondent one Dareld Kerby, Chavez' custodian at the Central New Mexico Correctional Facility at Los Lunas, New Mexico. Chavez had been convicted by a state district court of New Mexico in Taos County of criminal sexual penetration of a child under the age of 13

years, in violation of Section 30–9–11, N.M. S.A.1978.

In his petition, Chavez claimed that his state conviction and resultant confinement violated rights guaranteed him by the United States Constitution. Specifically, Chavez claimed that his right to due process, guaranteed him under the Fifth and Fourteenth Amendments, was violated by the state court in two particulars: (1) The admission by the state trial court, over objection, of testimony by the victim of another sexual contact between herself and the defendant which occurred seven months *prior* to the incident which formed the basis for the present prosecution; and (2) the refusal of the state trial court to instruct the jury on a lesser included offense, and to submit a form of verdict in connection therewith. It is agreed that Chavez had pursued each of these claims without success in the state courts of New Mexico, and that there has been an exhaustion of state remedies as to those two claims.

Kerby, the respondent, filed an answer to the petition, alleging that Chavez' confinement was lawful. The case was referred to a magistrate, who made proposed findings and recommended that the petition be dismissed with prejudice. The district court adopted the proposed findings of the magistrate and dismissed the petition with prejudice. This appeal follows.

### I. *Evidence of Prior Act*

The victim in the present case, a seven-year old girl at the time of the incident, testified that she had sexual intercourse with the defendant on June 24, 1984. That act formed the basis for the present charge. On redirect examination, she was allowed to testify, over objection, that on Thanksgiving Day in 1983 she also had sexual intercourse with Chavez. As indicated, the state trial judge overruled Chavez' objections to this particular testimony, and the appellate courts of New Mexico affirmed. Admission of this evidence is the first ground urged by Chavez in his petition for habeas corpus.

Our task is not to determine whether the admission of testimony concerning a prior act by Chavez with the victim is in accord with New Mexico state law. That has already been decided by the New Mexico courts. We are only concerned with whether the admission of this testimony impinged on rights secured Chavez by the Constitution.

"State court rulings on the admissibility of evidence may not be questioned in federal habeas corpus proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *See Brinlee v. Crisp,* 608 F.2d 839, 850 (10th Cir.1979). In *Brinlee,* we held that the admission of testimony regarding several "other acts," some of which were rather remotely related, at best, to the charge on which Brinlee was being tried, was *not* a basis for federal habeas corpus relief. Unlike *Brinlee,* the single "other act" in the instant case is "related" to the act which formed the basis for the present indictment, i.e., it was of a similar nature and perpetrated on the same victim. We find no "fundamental unfairness" in the admission of this evidence.

### II. *Lesser Included Offense*

The victim testified at trial that there had been "actual penetration" by Chavez on June 24, 1984. Chavez testified, in effect, that he had not been in any way "sexually involved" with the victim on June 24, 1984, or at any other time, and that "it must have been somebody else."

Notwithstanding Chavez' testimony, defense counsel asked the court to instruct the jury on a lesser included offense involving sexual misconduct short of penetration. The basis for this request was that the victim's in-court testimony wherein she stated unequivocally that there was penetration, was, according to counsel, at variance with her testimony before the grand jury. The state trial court denied the request that the jury be instructed on the lesser offense on the ground that the evidence was insufficient to support the giving of such instruction. The New Mexico Court of Appeals affirmed on the ground that the instruction tendered by Chavez was incorrect and incomplete, and that, un-

der New Mexico law, one could not rely, on appeal, on trial court error in refusing to give a tendered instruction unless the tendered instruction was a complete and correct statement of the law.

 In *Poulson v. Turner*, 359 F.2d 588 (10th Cir.1966), the Tenth Circuit held that a failure to instruct the jury on a lesser included offense, even assuming the evidence was such as to warrant an instruction on a lesser included offense, would not be a ground for granting federal habeas corpus relief. In *Poulson*, the defendant was convicted of first degree murder and sentenced to death. The United States Supreme Court in *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) held, in effect, that the rule of *Poulson* does not apply to a case where the death sentence is imposed. However, the Supreme Court in *Beck* observed in footnote 14 that it "need not and we do not decide whether the Due Process Clause would require the giving of such instruction in a non-capital case." Accordingly, *Poulson* would appear to still be the law in this Circuit in all cases where the death sentence is not imposed. The continued application of a *Poulson*-like rule to non-capital cases is the subject of divergent judicial discussion. For example, *see Trujillo v. Sullivan*, 815 F.2d 597 (10th Cir.1987) wherein there is detailed comment on the competing points of view.

In *Trujillo*, the prosecution sought the death sentence, but the jury returned a life sentence. Federal habeas corpus relief was sought on the ground that the state trial court erred in refusing to instruct on a lesser degree of homicide. The district court denied relief and, on appeal, we affirmed.

 In *Trujillo*, we recognized that in this Circuit there is, under *Poulson*, "automatic non-reviewability" of the lesser included offense argument as a basis for federal habeas corpus relief, regardless of whether the evidence was such as to support the giving of an instruction on a lesser included offense, recognizing, at the same time, that, under *Beck v. Alabama*, *supra*, the rule of *Poulson* no longer applies to cases where a death sentence is imposed. The instant case being a non-capital case, under *Poulson*, Chavez is not entitled to federal habeas corpus relief even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.*

Judgment affirmed.

---

* We note, parenthetically, that we are in complete accord with the state trial judge's holding that there was insufficient evidence to support the giving of an instruction on a lesser included offense, and hence, we, of course, see no "fundamental unfairness" in the trial court's refusal to so instruct. In this latter regard, *see Nichols v. Gagnon*, 710 F.2d 1267 (7th Cir.1983) and *United States ex rel. Peery v. Sielaff*, 615 F.2d 402 (7th Cir.1979). Any variance between the victim's testimony at trial and her testimony before the grand jury was, in our view, insufficient to require an instruction on a lesser included offense, and of course Chazvez' own testimony that he had no contact of any sort with the victim did itself "negate the possibility that such an instruction might have been warranted." In this latter regard, *see Hopper v. Evans*, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).