**Marcus GOODWIN, Jr., Petitioner,**

v.

**David McQUEN, et al., Respondents.**

**No. 92–3108–DES.**

United States District Court,
D. Kansas.

Jan. 7, 1993.

See also 809 F.Supp. 853.

Marcus Goodwin, Jr., pro se.

Kyle G. Smith, Kansas Bureau of Investigation, Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court on petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the El Dorado Correctional Facility, El Dorado, Kansas, was convicted in 1976, of aggravated robbery and aggravated burglary. Petitioner was sentenced to a controlling term of twenty (20) years to life imprisonment. In this action, petitioner challenges his conviction and claims the trial court charged the jury with an impermissible instruction which shifted the burden of proving every element of the crime beyond a reasonable doubt from the state to the petitioner.

Having reviewed the record in this matter, the court makes the following findings and order.

*Procedural background*

Petitioner was convicted of aggravated burglary and aggravated robbery. The Kansas Supreme Court affirmed petitioner's conviction on December 19, 1977. Over the course of the years, petitioner has filed several post-conviction motions pursuant to K.S.A. 60–1507, all of which have been denied. The issue now before this court was raised before the state trial and appellate courts and decided adversely to petitioner.

*Discussion*

In 1979, two years after petitioner's conviction, the United States Supreme Court ruled that a jury instruction which contains a presumption that one intends the consequences of his voluntary actions is unconstitutional. *Sandstrom v. Montana*, 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979). The court held that such an instruction deprives a criminal defendant of due process because it is susceptible to an interpretation which relieves the government of the burden of proving every

element of a criminal offense, including the element of intent, beyond a reasonable doubt. *Id.* at 514–24, 99 S.Ct. at 2454–59.

When a change in the law, such as this, occurs, a court must first determine whether a new rule has been announced. Such a determination is necessary so a court will know whether the rule is to be applied prospectively or retroactively. The initial question for this court is does the rule in *Sandstrom* constitute a new rule. A new rule is one which "breaks new ground or imposes a new obligation on the States or the Federal Government" or which "was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1988) (emphasis in original).

In *Cain v. Redman,* 947 F.2d 817, 821 (6th Cir.1991), *cert. denied* —— U.S. ——, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992), the court held that because the jury instruction rejected in *Sandstrom* had been used pervasively by courts, the announcement of the rule imposed new criteria to be considered in evaluating the constitutionality of jury instructions. The court said: "Prior to *Sandstrom,* it was susceptible to debate that jury instructions at issue were not a violation of due process as similar instructions were routinely given without challenge." *Id.* The court concluded that such a change clearly created a new rule of law. This court agrees.

It is admitted that the jury instruction at petitioner's trial is the exact instruction proscribed by the holding of *Sandstrom.* However, since *Sandstrom* was not decided until two years after petitioner's state conviction became final, petitioner is seeking to apply *Sandstrom* retroactively.[1]

In *Teague,* the Court held that new rules of law are not to be applied retroactively on federal habeas corpus collateral review unless the rule falls within one of two excep-

tions. *Teague,* 489 U.S. at 311, 109 S.Ct. at 1075. The new rule may be applied retroactively on collateral review if " 'it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,' " or if "it requires the observance of 'those procedures that ... are "implicit in the concept of ordered liberty." ' " *Id.*

There can be no reasonable argument that the first exception is applicable in this instance. Nor does this court believe that the second exception applies. Again, *Cain* is instructive. There the court noted that the second exception is "reserved for ' "watershed rules of criminal procedure" that are necessary to the fundamental fairness of the criminal proceeding.' " The Supreme Court has often cited the rule of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), holding that a defendant has a right to be represented by counsel in all criminal trials for serious offenses, as illustrative of this exception. To meet the narrow exception envisioned in *Teague,* the new rule must alter the understanding of those fundamental bedrock procedural elements essential to the fairness of the proceeding. *Cain* at 822. The court in *Cain* concluded, and this court agrees, that the *Sandstrom* rule is not such a watershed rule.

The Tenth Circuit Court of Appeals was led to the same conclusion in an analogous case. *Andrews v. Deland,* 943 F.2d 1162 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). In that case, which tested whether the failure to give a second degree murder/lesser included offense instruction as required by *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), was reversible error and should be applied retroactively to petitioner's federal habeas claim, the court found the *Beck* rule should not be applied on collateral review.[2] The court held:

---

1. A state conviction is final after the time for direct appeal, rehearing and certiorari have passed.

2. *Beck* only applies to capital cases and this circuit has held that in non-capital cases, the failure to instruct the jury on a lesser included

offense, even assuming the evidence warrants such an instruction, is not a ground for granting federal habeas corpus relief. *Chavez v. Kerby,* 848 F.2d 1101, 1103 (10th Cir.1988).

The rule Andrews seeks to have applied to his case—that *Beck* mandates the giving of a lesser included offense instruction even in the absence of a request for such an instruction by the defendant—is not such a "watershed" rule as to fit within the second exception.

*Andrews* at 1187.

Because the court concludes that the *Sandstrom* error, of which petitioner complains, is not a new rule which fits into either exception espoused in *Teague,* the rule is not applicable to this case on collateral review. Consequently, the petition for writ of habeas corpus must be dismissed.

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to petitioner and respondent.