48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randy Keith KOONCE, Petitioner-Appellant,
v.
R. Michael CARR, Warden, Respondent-Appellee.
 No. 94-6226.
(D.C. No. CIV-93-1909-C)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Koonce appeals from the dismissal of his 28 U.S.C. 2254 habeas corpus petition. Our jurisdiction arises out of 28 U.S.C. 2253 and we affirm.
 
 
 2
 The parties are familiar with the facts, and we will not restate them. Mr. Koonce first contends that the prosecutor made two improper statements directly commenting on Mr. Koonce's failure to testify. The statements were indirect in their nature and context and did not constitute comments upon Mr. Koonce's failure to testify. Mr. Koonce's further assertion regarding improper comment by the prosecution is equally unavailing. Habeas relief is only available to Mr. Koonce if the prosecutor's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974). We agree that the prosecutor's comments did not infect the trial so as to render the conviction a denial of due process.
 
 
 3
 Mr. Koonce, while admitting the killing of another, challenges the sufficiency of the prosecution's evidence with regard to malice aforethought, an essential element of his first degree murder conviction. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Based upon the record, a rational trier of fact could have found Mr. Koonce guilty beyond a reasonable doubt.
 
 
 4
 Finally, Mr. Koonce contends that the jury should have been instructed on the elements of assault and battery with a deadly weapon or aggravated assault and battery as lesser offenses of shooting with intent to kill. Federal habeas relief may not be granted on the basis of a perceived error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). Claims of state procedural or trial errors without more are not cognizable in federal habeas proceedings. See Chavez v. Kerby, 848 F.2d 1101, 1102 (10th Cir.1988).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument