Scott A. GOULD

v.

CITY OF ALIQUIPPA, a municipal corporation and Commonwealth of Pennsylvania, Department of Transportation

v.

Gloria Louise Patterson, Administratrix of the Estate of James B. Patterson, Deceased.

City of Aliquippa, Appellant.

Margaret H. Jones and Natasha Lee Jones, a minor, by Margaret H. Jones, her guardian

v.

City of Aliquippa, a municipal corporation and Commonwealth of Pennsylvania, Department of Transportation

v.

Gloria Louise Patterson, Administratrix of the Estate of James B. Patterson, Deceased and Scott A. Gould.

City of Aliquippa, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2000.

Decided April 26, 2000.

Gary M. Scoulos, Pittsburgh, for appellant.

Kelly M. Tocci, Aliquippa, for appellees.

Before COLINS, J., and SMITH, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

The City of Aliquippa (Aliquippa) appeals from two orders of the Court of Common Pleas of Beaver County that compel Aliquippa to produce written summaries of interviews between Aliquippa's attorney and several witnesses to the motor vehicle accident giving rise to this litigation. In this interlocutory appeal, Aliquippa contends that the communications in question are protected by the attorney-client privilege, that the communications are protected by the work product doctrine and that requiring an attorney to write a summary of witness interviews and create work product in a request for production of documents is overreaching.

These cases arise from a February 9, 1997 motor vehicle accident on State Route 51 in Aliquippa. James B. Patterson drove an automobile onto Route 51 heading southbound in a northbound lane. He struck head-on an automobile driven by Scott A. Gould and occupied by Margaret

H. Jones and Natasha Lee Jones (collectively, Appellees). In their complaints, Appellees contend that Mr. Patterson entered Route 51 through a roadway owned by Aliquippa that permitted him to enter the wrong way because of negligent design or maintenance.

Aliquippa retained Attorney Gary M. Scoulos for its defense in this matter. Attorney Scoulos thereafter interviewed the following people by telephone or in person: Phyllis Alston, who was an eyewitness to the accident; William Alston, who is the chief of Aliquippa's police department; Rebecca Bradley, who is the City Administrator for Aliquippa; Bernard Hall, who is the Street Superintendent for Aliquippa; and Doug Edgell, who is a police officer employed by Aliquippa. Appellees filed a request for production of documents which included a request for summaries of any oral statement taken from any witness relating to the accident. Aliquippa responded to this request by stating that it had no such statements and by referring to its answers to Appellee's interrogatories.

Upon learning of Attorney Scoulos' interviews with the witnesses, Appellees demanded that statements or the substance of any oral statement be provided to them. Aliquippa refused on the basis of the work product doctrine. Appellees then filed a motion to compel discovery and to require Aliquippa to produce all written statements and notes of any statements or to provide the substance of the statements. On April 22, 1999, the trial court held a hearing on the motion and ordered Aliquippa to provide the facts secured from all witnesses to Appellees. Thereafter, Aliquippa produced a summary of the facts provided by Phyllis Alston but refused to produce summaries of the other witnesses on the basis of the attorney-client privilege. Appellees filed a motion for sanctions, and on June 10, 1999 the trial court ordered Aliquippa to comply with its April 22 order with respect to all witnesses whether or not employees of Aliquippa. The trial court refused Aliquippa's motion for reconsideration. Aliquippa's interlocutory appeal from the court's orders is permitted under the collateral order doctrine. Pa. R.A.P. 313; *Ben v. Schwartz,* 556 Pa. 475, 729 A.2d 547 (1999).

The issues presented by Aliquippa on appeal involve questions of law; therefore, the Court's review is limited to determining whether the trial court erred as a matter of law in granting Appellees' discovery request. *S.M. by R.M. v. Children and Youth Services of Delaware County,* 686 A.2d 872 (Pa.Cmwlth.1996). Aliquippa first contends that Appellees' request for discovery of the interviews between its attorney and its employees violates the attorney-client privilege. In Pennsylvania, the attorney-client privilege is codified at Section 5928 of the Judicial Code, 42 Pa.C.S. § 5928, which provides:

In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

The attorney-client privilege performs a vital function in the legal system by fostering a confidence between clients and their advocates that will lead to a trusting and open attorney-client dialogue. *Estate of Kofsky,* 487 Pa. 473, 409 A.2d 1358 (1979). The importance of the attorney-client privilege is well illustrated by *Estate of Kofsky.* In that case the estate called the claimant's original attorney to testify about consultations between the attorney and the claimant. The estate offered the testimony to show that the claimant was inconsistent because he never raised with his former attorney the claim currently being litigated.

The chancellor delayed ruling on the claimant's assertion of the attorney-client privilege until the adjudication but heard the testimony and made the attorney's notes and other related documentary evidence part of the record. In the adjudication, the chancellor ruled that the evidence

was protected by the attorney-client privilege and stated that it would not be considered in determining the merits of the case. Nevertheless, the Supreme Court held that the chancellor's admission of the evidence was entirely improper because Section 5928 does not just proscribe giving evidentiary consideration to confidential communications: Section 5928 proscribes their very disclosure. The Court explained that the administration of justice is damaged when the sanctity of the confidence is improvidently violated, regardless of whether the evidence is given substantive consideration.

■ Because of the importance of the privilege to the administration of justice, the burden of proof is upon the party asserting that the disclosure of information would not violate the attorney-client privilege. *In re: Investigating Grand Jury of Philadelphia County No. 88–00–3503,* 527 Pa. 432, 593 A.2d 402 (1991); *Estate of Kofsky.* Thus in the present case Appellees were required to proffer facts from which the trial court could conclude that disclosure of the communications in question would not violate the attorney-client privilege. *See Estate of Kofsky.* The only fact tendered to the trial court by Appellees was that interviews occurred. Appellees did not identify which witnesses were interviewed or even proffer that notes were made during the interviews or that written statements were taken. Appellees simply contended that any facts which Aliquippa gained during its investigation were discoverable.

■ In their brief before this Court, Appellees advance two arguments to support their claim that disclosure would not violate the attorney-client privilege. First, Appellees contend that the witnesses in question were not Attorney Scoulos' clients. This Court has held that government entities qualify for the protection of the attorney-client privilege. *Okum v. Unemployment Compensation Board of Review,* 77 Pa.Cmwlth. 386, 465 A.2d 1324 (1983). Such entities may claim the privilege for communications between their attorney and their agents or employees who are authorized to act on behalf of the entities. *See Upjohn Company v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *In re Ford Motor Company,* 110 F.3d 954 (3d Cir.1997); *see also Maleski by Chronister v. Corporate Life Insurance Co.,* 163 Pa.Cmwlth. 36, 641 A.2d 1, *opinion after grant of rehearing,* 165 Pa.Cmwlth. 72, 646 A.2d 1 (1994). In this case, the trial court has ordered Aliquippa to produce summaries of Attorney Scoulos' interviews with respect to all witnesses interviewed by counsel. Clearly the order covers some employees who are authorized to act on Aliquippa's behalf, and therefore the order covers Attorney Scoulos' witness interviews that are protected by the privilege.

As previously noted, Attorney Scoulos interviewed Aliquippa's chief of police, its city administrator, its street superintendent and a police officer employed by it. Appellees contend that these employees are not members of Aliquippa's governing body. Nevertheless, the privilege applies to them if they are authorized to act on Aliquippa's behalf, *In re Ford Motor Company,* and the titles of each of these employees suggest positions of authority. The trial court prevented Aliquippa from establishing the exact duties and responsibilities assigned to these employees. At the April 22 hearing, the trial judge interrupted Aliquippa's argument and ruled that he would preclude the city from calling any witnesses at trial from whom facts were gathered but not disclosed to Appellees. Ultimately, however, Appellees bore the burden to establish that disclosure would not violate the attorney-client privilege, and they failed to do so. *In re: Investigating Grand Jury of Philadelphia County No. 88–00–3503; Estate of Kofsky.*

■ Second, Appellees contend that the interviews were purely investigative in nature rather than for the purpose of obtaining legal advice. Appellees rely upon

*United States Fidelity & Guaranty Co. v. Barron Indus., Inc.,* 809 F.Supp. 355, 364 (M.D.Pa.1992), for the proposition that the attorney-client privilege "does not attach to a discussion of the facts, no matter how extensive or involved the discussion may become." The decisions of the federal district courts may offer guidance, but they are not binding precedent upon this Court. *PFG Gas, Inc. v. Commonwealth,* 740 A.2d 297 (Pa.Cmwlth.1999). Moreover, the case cited by Appellees is distinguishable from the present matter. The district court in *United States Fidelity & Guaranty Co.* rejected Barron Industries' argument that two letters were protected by the attorney-client privilege because the court questioned whether the author was acting as Barron Industries' attorney when he wrote the letters and because the letters contained only a discussion of the facts.

■ In the present case, the trial court has ordered Aliquippa to produce a summary of the facts from Attorney Scoulos' interviews with Aliquippa's chief of police, city administrator, street superintendent and one of its police officers. Attorney Scoulos was unquestionably acting in his capacity as Aliquippa's attorney when he interviewed the witnesses in question; the interviews were conducted in preparation for this litigation. The present case is analogous to *Investigating Grand Jury* where the Supreme Court held that the attorney-client privilege attached to hand-written notes of an interview between a bank president and his attorney in preparation for a grand jury interview. One page of the notes had been prepared by the attorney, and the rest had been prepared by the bank president. The Supreme Court stated that "[w]hether the note-taking was prompted by a need to organize the events discussed or to aid a less than perfect recollection is of no moment." *Id.,* 527 Pa. at 441, 593 A.2d at 404. Consequently, the attorney-client privilege clearly attaches to an interview between an attorney and a client in preparation for litigation even if the discussion in the interview concerns merely factual events.

As Aliquippa correctly notes, the Pennsylvania Rules of Civil Procedure provide ample methods such as depositions and interrogatories by which Appellees may properly discover the facts available from the witnesses in question. In light of the result reached, the Court need not address Aliquippa's alternative arguments that any summaries created by Attorney Scoulos would be protected by the work product doctrine and that requiring preparation of the summaries was overreaching. Because the trial court erred in requiring Aliquippa to create and to produce summaries of Attorney Scoulos' interviews which are protected by the attorney-client privilege, the court's orders are therefore reversed.

### ORDER

AND NOW, this 26th day of April, 2000, the orders of the Court of Common Pleas of Beaver County are hereby reversed in accordance with the foregoing opinion.