**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD D. SULLIVAN,

      Petitioner - Appellant,

v.

L. E. BRUCE; CARLA STOVALL,
Attorney General of Kansas,

      Respondents - Appellees.

No. 02-3119
(D.C. No. 01-CV-3232-DES)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

Richard Sullivan was convicted by a state court jury of attempted rape and

aggravated burglary. After his conviction was affirmed on direct appeal, he

brought this petition raising ten grounds for relief under 28 U.S.C. § 2254. The

matter was referred to a federal magistrate judge, who dismissed three of the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims as unexhausted and recommended that relief on the remaining claims be denied.[1] The district court adopted the recommendation and dismissed the petition on the merits. The court also denied Mr. Sullivan's request for a certificate of appealability (COA). Mr. Sullivan appeals, renews his request for COA, and requests that counsel be appointed to represent him. We deny his request for a COA, dismiss his appeal, and deny as moot his request for appointment of counsel.

Mr. Sullivan's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Review of his claims is therefore governed by its provisions. *See Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). Under AEDPA, Mr. Sullivan is not entitled to relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented at trial," *id.* § 2254(d)(2). If the

---

[1] The state contended below that three of Mr. Sullivan's remaining claims were also unexhausted. Mr. Sullivan had apparently attempted to file a petition for state post-conviction relief raising these claims. The petition was returned to him unfiled with a hand-written notation by the chief judge informing Mr. Sullivan that the issues he sought to raise had already been presented in his direct appeal. It appears that only one of the three issues the state asserts are not unexhausted was in fact included in Mr. Sullivan's direct appeal. The magistrate judge concluded that judicial efficiency would best be served in these unique circumstances by proceeding to the merits. We agree.

state court has not addressed the merits of a claim, we review the district court's legal conclusions de novo and its fact findings, if any, for clear error. *See Mitchell v. Gibson*, 262 F.3d 1036, 1045 (10th Cir. 2001).

On appeal, Mr. Sullivan contends his rights to due process and equal protection were violated because the jury instructions did not require the jury to reach a unanimous decision as to the overt act required to prove attempted rape. This claim is without merit. It is settled law that when a single crime can be committed by various means, the jury need not unanimously agree on which means were used so long as they agree that the crime was committed. *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991); *see also id.* at 649 (Scalia, J., concurring in judgment) ("it has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission"); *see also United States v. Powell*, 226 F.3d 1181, 1196 (10th Cir. 2000).

Mr. Sullivan also asserts his constitutional rights were violated when the state trial judge failed to instruct on a lesser included offense. This claim is similarly lacking in merit. "[A] petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction 'even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.'" *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993) (quoting *Chavez v. Kirby*, 848 F.2d 1101, 1103 (10th Cir. 1998)).

Mr. Sullivan raises several arguments in connection with the charging documents filed against him in state court and with his failure to receive a second preliminary hearing upon the filing of an amended complaint. After Mr. Sullivan's preliminary hearing on the original information, he moved to dismiss on the ground that it failed to allege the elements of attempted rape. Upon the filing of an amended complaint, the trial court overruled Mr. Sullivan's objection and his motion for a new preliminary hearing. The state appellate court concluded that the original information was defective, but held that state law permitted an amendment and that Mr. Sullivan suffered no prejudice from the denial of his motion to dismiss the original one. The court further concluded that Mr. Sullivan's constitutional rights were not violated by the failure to provide him a second preliminary hearing since Mr. Sullivan did not challenge the sufficiency of the amended complaint.

We agree that no constitutional violations arose in connection with Mr. Sullivan's pretrial proceedings. Mr. Sullivan has not presented any argument or evidence tending to show that his defense was in any way prejudiced by the filing of an amended information and the failure to receive a second preliminary hearing. The pretrial proceedings as a whole adequately informed Mr. Sullivan of the charges, witnesses, and evidence against him well before trial. His attack on the technical validity of the preliminary hearing became harmless error and

unreviewable after the jury found him guilty after trial. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986); *United States v. Taylor*, 798 F.2d 1337, 1339 (10th Cir. 1986).

Mr. Sullivan complains that the jury was biased against him on the basis of his race and ethnic background, and that he was denied his constitutional right to a jury of his peers. In order to establish such a claim, Mr. Sullivan must present evidence that the jurors sitting on his case acted with discriminatory purpose, *see Meeks v. Moore*, 216 F.3d 951, 967 (11th Cir. 2000), or that invidious discrimination infected the jury selection process, *see Hirst v. Gertzen*, 676 F.2d 1252, 1260 (9th Cir. 1982). Mr. Sullivan has failed to allege any facts showing intentional discrimination in either the jury selection process or on the part of the jurors in his case. Accordingly, the district court properly rejected this claim.

Finally, Mr. Sullivan contends his conviction violated due process because the state presented no DNA evidence to support it. The constitution does not require an attempted rape conviction to be supported by DNA evidence. The district court construed this claim as challenging the sufficiency of the evidence and rejected it, pointing out that the victim's testimony was sufficient to allow the

jury to find Mr. Sullivan guilty of attempted rape beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[2] We agree.

Mr. Sullivan has moved this court for a COA, which requires that he make a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To satisfy this standard, he must show that reasonable jurists would find the district court's decision debatable or wrong. *Id.* at 484. Because Mr. Sullivan has failed to do so, we **DENY** his motion for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[2] In ruling on this matter, the magistrate judge stated that the victim testified Mr. Sullivan had tried to remove her pants. The state appellate court stated that when the victim refused Mr. Sullivan's solicitation of sex, he forced his way into her apartment, struggled with her, and attempted to remove her pants while cornering her between the front door and a wall.