Joel S. **ARIO, Insurance Commissioner of the Commonwealth of Pennsylvania, In his capacity as Liquidator of Reliance Insurance Company,** Plaintiff

v.

**DELOITTE & TOUCHE LLP and Jan A. Lommele,** Defendants.

**In re Objections of Liquidator to the Defendants' Notices of Intent to serve a Subpoena to Attend and Testify Pursuant to Rule 234.1 on James Sheehan, Mark Campbell, Fritz Bittenbender and Timothy Reeves.**

Commonwealth Court of Pennsylvania.

Decided Oct. 30, 2007.

Ordered Published Nov. 5, 2007.

---

Mary Ann Mullaney, Daniel H. Wheeler, Mark L. Rhoades, Anthony Vidovich, Justina L. Byers, Jerome R. Richter, George J. Krueger, Brooke H. Spigler, Philadelphia, for plaintiff.

Geoffrey A. Kahn, Arthur Makadon, Darryl J. May, Edward D. Rogers, Philadelphia, for defendant.

Phillip A. Geraci, Mark A. Beckman, Jane W. Parver, George Brocchini, New York City, for intervenor, George R. Baker.

OPINION AND ORDER BY Judge COLINS.

Joel S. Ario, Insurance Commissioner of the Commonwealth of Pennsylvania, in his capacity as Liquidator of Reliance Insurance Company has filed Objections to Defendants Deloitte & Touche and Jan A. Lommele notices of intent to serve a subpoena to attend and testify pursuant to Rule Pa. R.Civ. Pro. 234.1 on James Sheehan, Mark Campbell, Fritz Bittenbender, and Timothy Reeves. The Court concludes the objections have merit as Defendants have failed to establish an extraordinary circumstance that overcomes the deliberative process privilege that the Liquidator has invoked. Accordingly, the

Objections are sustained; the subpoena is quashed.

Following the financial collapse of Reliance Insurance Company (Reliance), Reliance was placed into liquidation with the Insurance Commissioner appointed as Liquidator for the failed company. The Liquidator filed a civil suit alleging, among other things, that Deloitte and Touche and one Reliance's outside actuaries, Jan A. Lommele (Defendants), inflated Reliance's financial statements, filed misleading financial reports, and ignored risk factors. Defendants have denied the allegations.

Defendants seek to depose staff members of former Pennsylvania Governor Thomas Ridge (Governor's Staff) in order to defend the Liquidator's claim that Defendants conduct caused the Pennsylvania Insurance Department to delay regulatory intervention, thereby "deepening Reliance's insolvency." Defendants assert that these depositions will enable them to determine what the Insurance Department knew of Reliance's financial condition, how the Insurance Department used that knowledge, and why the Insurance Department acted or refrained from acting at any given point in time. Defendants assert that the Governor's Staff gave advice to then Insurance Commissioner Koken,[1] and members of her staff (collectively, Plaintiffs) and Defendants seek to know the content of that advice. Plaintiffs object to the subpoenas, contending the information sought is protected by both the "deliberative process privilege" and the "attorney-client privilege."

Subpoenas are one of many different discovery tools. The essential purpose of discovery is to give each side access to all information reasonably calculated to lead

---

1. In 2001 when Reliance was placed in liquidation, M. Diane Koken was the Insurance Commissioner for the Commonwealth of Pennsylvania. Since the subpoenas relate to information and conversations involving M. Diane Koken, I shall hereafter use the feminine pronoun when referencing the insurance commissioner.

to the discovery of relevant, non-privileged information possessed by the other side, as well as limited access to information held by non-parties. Pa. R.Civ. Pro. 4003.1(b); *Commonwealth v. TAP Pharmaceutical Products*, 904 A.2d 986 (Pa.Cmwlth.2006). Information, that is not otherwise privileged, is discoverable if it is both relevant and reasonable. Pa. R.Civ. Pro. 4003.1; 6 Stnd. Pa. Prac. § 34:35. Whether information is relevant depends upon the nature and the facts of the case, and any doubts are to be resolved in favor of relevancy. 6 Stnd. Pa. Prac. § 34:23.

The objector to a discovery request must demonstrate non-discoverability. 6 Stnd. Pa. Prac. § 34:24. As applied herein, the Liquidator bears the burden of establishing the right to refuse the discovery request. The Liquidator asserts that the "deliberative process privilege" and the "attorney client privilege" renders the information sought non-discoverable and the subpoenas should be quashed.

Our Supreme Court recognized the "deliberative process privilege" in *Commonwealth v. Vartan*, 557 Pa. 390, 733 A.2d 1258 (1999). The Court explained that the " 'deliberative process privilege' permits the government to withhold documents containing confidential deliberations of law or policymaking, reflecting opinions, recommendations, or advice." Id. at 402, 733 A.2d at 1265 (citing *Redland Soccer Club, Inc. v. Department of the Army of the United States*, 55 F.3d 827, 853 (3d Cir. 1995)). The privilege protects the decision making processes of judges and administrators since questioning a judge or a decision maker about the process by which a decision had been reached would undermine judicial or administrative process. *Id.* (citing *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 1004–05, 85 L.Ed. 1429 (1941)).

■ In determining whether the privilege applies, a three-prong analysis is employed. The court must determine whether the communications (1) were made before the deliberative process was completed; (2) whether the communications were deliberative in character; and, (3) whether the communications were a "direct part of the deliberative process in that it makes recommendation or expresses opinions on legal or policy matters." *Vartan*, 557 Pa. at 400, 733 A.2d at 1264. The privilege does not apply to factual information, so long as the factual information is severable from the advice or underlying confidential deliberations of law or policymaking. *Vartan*; *Koken v. One Beacon Insurance Company, C.G.U.*, 911 A.2d 1021, 1029 (Pa.Cmwlth.2006).

■ To satisfy the first step the party asserting the privilege must show that the information is both pre-decisional and deliberative. The information is "pre-decisional if it reflects matters leading to a final decision of an agency." *Cipolla v. County of Rensselaer*, 2001 WL 1223489, 2001 U.S. Dist. Lexis 16150 (N.D.N.Y Oct. 10, 2001); accord *Vartan*. The information is deliberative if it reflects the process the agency used to reach the decision. *Cipolla*; *Vartan*. Defendants seek information that is part of the deliberative process. Defendants seek to question the Insurance Commissioner and Insurance Staff about the decision making process between the Governor's Staff, and the Insurance Commissioner and the Insurance Staff. The information is part of the deliberative process since it reveals the decision making process and the legal advice that was given to the Insurance Commissioner and her Staff before action was taken regarding the insolvency of Reliance.

■ In addition, the information that is sought occurred at the time in which the Insurance Commissioner was acting in her

regulatory capacity.[2] Since the Defendants seek to learn of communications that occurred during the decision making process while the Insurance Commissioner was acting in her Regulatory capacity and the information relates to her regulatory conduct, that information is protected not only by the deliberative process privilege but it is also shielded from disclosure as it is not relevant. The information is not relevant because pre-liquidation, pre-rehabilitation, regulatory conduct of the Insurance Commissioner cannot be raised against a Statutory Liquidator enforcing those rights. *One Beacon,* 911 A.2d at 1021.

Defendants argue that if the privilege applies, upon initiating this action, the Liquidator waived the deliberative process privilege. Defendants have offered no support for that position, and the Court finds it has no merit.

■ In addition to the deliberative process privilege, the information sought is protected by the "attorney-client privilege" which prohibits the discovery of communications between an attorney and the client. Defendants' discovery request asserts that the Insurance Commissioner met with General Counsel for the Commonwealth and other members of the Commonwealth executive staff for the purpose of seeking legal advice. It is black letter law that the content of the meeting and any document relating to the meeting is subject to the attorney-client privilege. *Gould v. City of Aliquippa,* 750 A.2d 934 (Pa.Cmwlth.2000); 42 Pa.C.S. § 5928. The Office of General Counsel represents and provides legal advice to the executive officers and agencies of the Commonwealth. 71 P.S. § 732–301. The Insurance Department is part of the Executive Department of the Commonwealth. 71 P.S. § 11. The privilege is applicable.

■ The burden of establishing privilege is on the party seeking to prevent disclosure. Plaintiffs have established the applicability of each privilege. Defendants have not demonstrated a strong necessity to take the depositions of James Sheehan, Mark Campbell, Fritz Bittenbender, and Timothy Reeves. Defendants have not shown how the depositions are relevant to the dispute in this matter, which is that Deloitte and Touche inflated Reliance's financial statements, filed misleading financial reports, and ignored risk factors. Any advice rendered by the Office of General Counsel will not resolve the dispute; therefore, Defendants have not established an extraordinary circumstance that overcomes the deliberative process privilege.

### *O R D E R*

AND NOW this 30th day of October 2007 the Objections of Liquidator to the Defendants' Notices of Intent to serve a Subpoena to Attend and Testify Pursuant to Rule 234.1 on James Sheehan, Mark Campbell, Fritz Bittenbender and Timothy Reeves are sustained; further, the Subpoena is QUASHED.

---

2. "Under the 'separate capacities doctrine' a governmental entity, when acting in one capacity, is treated as a separate entity when acting in another capacity." *One Beacon,* 911 A.2d at 1028.