FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REGINALD WARD,

     Petitioner - Appellant,

v.

JOE ALLBAUGH, Director,

     Respondent - Appellee.

No. 19-5060
(D.C. No. 4:16-CV-00602-JHP-PJC)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Applicant Reginald Ward, an Oklahoma prisoner proceeding pro se, was sentenced to life imprisonment for first-degree murder. The victim was shot between seven and eleven times in both his front and back. At trial Applicant argued that he shot the victim in self-defense and that he at most committed manslaughter. After being instructed on first-degree murder, the lesser charge of manslaughter by heat of passion, and self-defense, the jury found him guilty of first-degree murder. The Oklahoma Court of Criminal Appeals (OCCA) affirmed on direct appeal and denied postconviction relief. Applicant then filed in the United States District Court for the Northern District of Oklahoma an application for relief under 28 U.S.C. § 2254, which the district court denied. *See Ward v. Allbaugh*, No. 16-cv-00602, 2019 WL 2422487, at *1, 9 (N.D. Okla. June 10, 2019). Applicant now requests a certificate of appealability (COA) from this

court to enable him to appeal on the following grounds: (1) insufficient evidence to convict him of first-degree murder, (2) failure to properly instruct the jury, (3) ineffective assistance of counsel, and (4) error in responding to the jury during deliberations. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). We deny a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives
> at a conclusion opposite to that reached by the Supreme Court on a question

2

of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* (internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, "[i]n order for a state court's decision to be an unreasonable application of this Court's case law, the ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (per curiam) (internal quotation marks omitted). To prevail, "a litigant must show that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (ellipsis and internal quotation marks omitted).

In addition, AEDPA establishes a deferential standard of review for state-court factual findings. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz,* 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). Further, the Supreme Court has held that review under § 2254(d)(1), just as under § 2254(d)(2), "is limited to the record that was before the state court that adjudicated the

claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see id.* at 185 n.7. "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Two eyewitnesses testified at trial about the murder. The victim's sister gave the following account: Applicant and the victim were arguing on the street outside the home of victim's mother. The victim never threatened to shoot Applicant, nor was he armed. Applicant and the victim eventually ceased their conversation, and the victim turned to walk away from Applicant. She also turned to walk away but within a second heard two pops. Applicant had shot the victim in the back. After the victim fell backward onto the ground, Applicant crossed the street and shot him three more times before fleeing in a vehicle driven by another man. The driver, a friend of Applicant since grade school, also testified that the two men had been arguing but said that the victim kept his right hand in his pocket and threatened to kill Applicant before Applicant shot him. The friend agreed with the sister that after the victim fell to the ground, Applicant walked up to him and shot him at least two more times. Shortly after the shooting the friend had told a detective that Applicant shot the victim after the victim was trying to walk back and was calming down. The friend thought the victim had a gun but did not see one.

Applicant first argues that his due-process rights were violated because the State presented insufficient evidence to support a conviction for first-degree murder. According to Applicant, the evidence established that he acted in self-defense or that he was guilty of at most first-degree manslaughter under a heat-of-passion theory or

4

imperfect self-defense theory. The OCCA rejected these arguments, concluding that a "rational trier of fact could have found [Applicant] was not acting in self defense and further found each of the elements of Murder in the First Degree beyond a reasonable doubt." *Ward v. State*, No. F-2014-127, slip op. at 2 (Okla. Crim. App. Jan. 6, 2015).

"[O]n habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (internal quotation marks omitted). The district court's order thoroughly explains how sufficient evidence existed to support Applicant's conviction. *See Ward*, 2019 WL 2422487, at *4–5. For essentially the same reasons articulated by the district court, we cannot say that the state-court decision was objectively unreasonable. We add one comment in response to Applicant's argument that the testimony from the medical examiner was inconsistent with the victim's being shot initially in the back (which would negate a claim of self-defense). The medical examiner testified that his examination was inconclusive as to whether the victim was initially shot in the back or front. He also testified that some bullet wounds indicated that the bullet entered the victim's body and ricocheted into the backside of his right arm, which would be consistent with the victim's being shot in the front after falling to the ground. Thus, the physical evidence did not conclusively negate the eyewitness testimony against Applicant. No reasonable jurist could challenge the district court's disposition of this claim.

Next, Applicant argues that the state court violated his due-process rights by failing to provide certain jury instructions: (1) under 21 Okla. Stat. § 1289.25 (2011), commonly referred to as the "Stand Your Ground" law, and (2) on manslaughter by resisting criminal attempt.

On the first instruction, Applicant argues that an instruction based on Oklahoma's "Stand Your Ground" statute was required because it is different from the self-defense instruction that the jury received. But Applicant did not argue this proposition to the district court in his § 2254 application. We decline to consider claims for relief not presented to the district court. *See Goode v. Carpenter*, 922 F.3d 1136, 1149 (10th Cir. 2019). Therefore, we deny a COA on this ground.

As for an instruction on manslaughter by resisting criminal attempt, this court has held that "a petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction 'even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.'" *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993) (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988)). Accordingly, no reasonable jurist could challenge the district court's disposition of this claim.

Applicant next argues ineffective assistance of counsel for failing to request the jury instructions discussed above. To prevail on claims of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient—"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—and that "the deficient performance prejudiced

[his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700 (emphasis added). We need not consider Applicant's claim of ineffective assistance of counsel for failure to request a "Stand Your Ground" instruction, because that claim was not raised in district court. *See Goode*, 922 F.3d at 1149. As for ineffective assistance of counsel based on failure to request a jury instruction on manslaughter by resisting criminal attempt, the OCCA rejected this claim on *Strickland*'s prejudice prong, since "the evidence presented at trial would not permit a rational jury to acquit [Applicant] of Murder in the First Degree in favor of finding him guilty of the lesser offense." *Ward v. State*, No. F-2014-127, slip op. at 3 (Okla. Crim. App. Jan. 6, 2015); *see Tryon v. State*, 423 P.3d 617, 639 (Okla. Crim. App. 2018) ("Mere words alone, or threats, menaces, or gestures alone . . . do not constitute adequate provocation." (internal quotation marks omitted)). No reasonable jurist could challenge the district court's disposition of this claim.

Finally, Applicant argues that his due-process rights were violated when the trial court (1) did not allow the jury to review videotaped police interviews, and (2) merely referred the jury to the jury instructions in response to a question about the minimum and maximum sentence for manslaughter. The OCCA upheld both actions as within the trial court's discretion. We agree with the district court that there is no Supreme Court precedent requiring juries to have unfettered access to video evidence during deliberations, and courts commonly refer the jury back to their instructions. *See Ward*, 2019 WL 2422487, at *7–8. Because no Supreme Court precedent shows that the state-

7

court decisions were contrary to or an unreasonable application of clearly established federal law, no reasonable jurist could challenge the district court's disposition of this claim.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge