Maris T. MILLER

v.

HAULMARK TRANSPORT SYSTEMS and Dominion Life, a/k/a Dominion Life Assurance Company

and

Robert L. List, et al., Third-Party Defendants.

Misc. No. 83–103.

United States District Court, E.D. Pennsylvania.

Nov. 1, 1984.

---

William R. Keen, Jr., Coatesville, Pa., for plaintiff.

Edward A. Greenberg, Rawle & Henderson, Philadelphia, Pa., for Dominion Life Assur. Co.

Lee D. Mescolotto, Pottstown, Pa., for Maris T. Miller, IV.

Stuart J. Schatz, Philadelphia, Pa., for Robert L. List, Charles W. Yetter, III and Larry R. Antes.

George C. Brady, III, Baughman & Brady, Conshohocken, Pa., for Frank A. Petrucelli.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This case started out as a relatively straightforward assumpit action in the Common Pleas Court of Montgomery County, Pennsylvania. After the suit was filed, however, one of the defendants, Haulmark Transport Systems, Inc. ("Haulmark"), which had completed a post-complaint merger with Mid-West Emery Freight System, Inc., petitioned for relief under the bankruptcy laws in the Northern District of Illinois. The state court action was thereupon properly removed to the United States Bankruptcy Court for the Eastern District of Pennsylvania. Because there has been a jury demand made, the case was transferred to this court.

The relevant facts of the underlying case are simple. Plaintiff seeks payment of insurance benefits he claims are owed to him under a group policy covering Haulmark employees issued by defendant Dominion Life, d/b/a Dominion Life Assurance Company ("Dominion"). Haulmark added an additional defendant, the son of the plaintiff who was apparently a manager of Haulmark. He, in turn, added four other individuals as defendants. These four individuals ("the individual defendants") were principals, officials, or managers of Haulmark. Presently before me is a motion to quash Dominion's subpoena *duces tecum*.[1]

Dominion seeks to depose two attorneys retained at one time by either Haulmark or the individual defendants or both.[2] They also seek to require these attorneys to bring with them an intraoffice memorandum prepared by them after a meeting held with representatives of Haulmark. The subject of the meeting and the memorandum was the preparation of an answer to the complaint. Dominion also seeks certain documents used to support the memorandum or referenced in the memorandum. The attorneys involved have raised objections to this request based on the attorney-client privilege and the work product doctrine.[3] This motion has been joined by the individual defendants who are now represented by new counsel. For the reasons set forth below, I have concluded that the motion to quash must be granted. I conclude that the materials sought are privileged. I have also concluded that these materials are non-discoverable work product and are not within the "crime-fraud" exception to either the privilege or the work product doctrine.

### I. *Attorney-Client Privilege*

■ The movants assert that the materials sought by Dominion consist of the confidential communications between a client and its attorneys and the intraoffice communications of those same attorneys. They have certainly created a facially strong argument for the applicability of the privilege to these communications. Dominion argues, however, that the privilege is not applicable for a number of reasons. First, Dominion contends that the presence of a third-party at the meeting in question constitutes a waiver of the privilege with regard to the contents of that meeting. Second, they contend that the willing release of the memorandum at a deposition by one of Haulmark's employees constitutes waiver with regard to that document. Lastly, it is argued that the material sought cannot be privileged because they falls within the "crime-fraud" exception to the privilege and the work product doctrine. I do not consider these objections to be persuasive.

---

1. There is also a pending motion for a protective order based on the same arguments as the instant motion to quash. I will defer decision on that motion until such time as discovery of allegedly privileged materials is sought beyond the present request.

2. These attorneys have now withdrawn their appearance from this action entirely.

3. On November 10, 1983, I granted the petition to withdraw filed by Haulmark's counsel of record at that time. No new entry of appearance has been filed. Therefore, Haulmark itself is not the moving party.

At the meeting, an insurance agent named Dunn was present. He apparently was responsible for the retention of Dominion by Haulmark. It is well established, however, that the mere presence of someone other than the client at a meeting between an attorney and his or her client does not void the confidentiality required to give rise to a valid claim of privilege. *See* 2 J. Weinstein & M. Berger, *Weinstein's Evidence* § 503(a)(3)[01] (1982). As a general matter, the privilege is not destroyed when a person other than the lawyer is present at a conversation between an attorney and his or her client if that person is needed to make the conference possible or to assist the attorney in providing legal services. *Id.; id.* at § 503(a)(4)[01]; *United States v. Landof*, 591 F.2d 36 (9th Cir. 1978).

■ The purpose of the meeting attended by Mr. Dunn was to prepare an answer and possible defense to the complaint. The underlying nature of the suit here is one involving the scope of plaintiff's insurance coverage. I conclude that the presence of Mr. Dunn at the meeting does not constitute a waiver of the privilege as to the contents of that meeting, or the other material sought. Mr. Dunn was instrumental in arranging that coverage, and his purpose at the meeting was to aid in the preparation of an answer. The presence of one so closely related to Haulmark and this lawsuit for the limited purpose of aiding the attorneys involved in defending the lawsuit does not void the privilege.

■ Dominion already possesses a copy of the memorandum it seeks through its subpoena *duces tecum*. It obtained this document when it deposed Alice Hammel, an employee of Haulmark. At her deposition, Ms. Hammel did, in fact, produce the memorandum. There was, however, a blanket objection made to the production by her of any documents. A specific objection to the introduction of this memorandum was made by one of the attorneys who

wrote it. Ms. Hammel did not testify at any depth about the contents of the memorandum. I do not think that this production constitutes a waiver of the privilege. An objection was made to the discovery of the document at the time it was produced and marked as an exhibit to the deposition. Dominion has cited no case in which a waiver was found in the same circumstances. I cannot conclude as Dominion suggests that the production of a document over objection constitutes a voluntary waiver of the privilege.[4]

## II. *Work Product Exception*

Assuming *arguendo* that the material sought is not within the attorney-client privilege, I conclude that is non-discoverable under the work product doctrine.

■ It is axiomatic that discovery of certain written material prepared in preparation for litigation, or of mental or growth processes associated with such preparation is not subject to discovery. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The material sought by Dominion in this case is clearly work product. Dominion seeks to discover a memorandum and associated documents developed in preparation for the filing of an answer. They also seek to depose the attorneys involved in that planning session presumably regarding the same set of circumstances. The information sought is non-discoverable.

■ Moreover, I must reject Dominion's argument that the exception has been waived. There is simply no basis on which to presume that the work product exception can be waived in the same way that the attorney-client privilege can be waived. The work product exception exists to protect the ability of a litigant to develop and prosecute a case within our adversarial system. *Id.* at 510–11, 67 S.Ct. at 393. It is not, as the attorney-client privilege is, based on some notion of ensuring that a

---

**4.** It should be noted that it appears that Haulmark was unrepresented at Hammel's September 12, 1983 deposition, although Haulmark's counsel were not granted formal leave to withdraw until November 10, 1983.

relationship remain confidential if the parties desire it to be confidential. The latter privilege obviously exists to foster a relationship initially created and defined by the client and the attorney. The work product exception exists not only to protect the ability of the individual litigant, but also to foster the operation of the system. Therefore, I conclude that the work product exception covers the material sought.

## III.  *"Crime-Fraud" Exception*

■ Dominion argues forcefully that even if the material it seeks is within the privilege or the work product doctrine it can still be disclosed because it falls within the "crime-fraud" exception.

In general, the attorney-client privilege is waived when the client uses it to engage in on-going fraud or crimes rather than to defend against charges related to past conduct. *Clark v. United States*, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933). In this circuit, the exception applies equally to claims of non-discoverability under the work product doctrine. *In Re Grand Jury Proceedings (FMC)*, 604 F.2d 798 (3d Cir. 1979). The purpose of this exception is to prevent the abuse of the confidentiality guaranteed by the privilege.

■ Dominion argues that the material contained in the memorandum reveals that a plot existed to answer the complaint in a fraudulent fashion, and that the attorneys involved were active participants in this plot. I disagree with Dominion's expansive reading of the memorandum. Instead, I conclude that at most the memorandum reveals that the attorneys and their client chose to plead a certain set of facts when another set were also plausible.[5] I do not think this rises to the level of an intent to commit perjury or fraud. The cases make clear that in order to come within this exception, Dominion must make out a *prima facie* case of such wrongdoing. *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 21, 30 (N.D.Ill.1980). Indeed, there

are several cases that suggest that the burden is even heavier. *See Research Corp. v. Gourmet's Delight Mushroom Co.*, 560 F.Supp. 811, 820–21 (E.D.Pa.1983). Dominion has not met that burden.

Moreover, a review of the cases in which this exception has been invoked demonstrates that it has been applied only in cases involving allegations of far more serious wrongdoing than those alleged by Dominion. *See, e.g., In Re John Doe Corp.*, 675 F.2d 482, 484 (2d Cir.1982) (validating grand jury request for certain ostensibly privileged documents relevant to proving possible bribe made to public official); *In Re Special September 1978 Grand Jury II*, 640 F.2d 49, 53 (7th Cir.1980) (upholding grand jury subpoena of ostensibly privileged material related to illegal campaign contribution to elected official); *In Re Berkeley & Co.*, 629 F.2d 548, 553 (8th Cir.1980) (documents sought by grand jury related to efforts on part of a corporation to implement and avoid detection of various illegal and fraudulent schemes); *United States v. Gordon Nikkar*, 518 F.2d 972, 974 (5th Cir.1975) (testimony regarding a meeting between lawyer and his client at which lawyer advised client and co-defendants to commit perjury held not privileged).

Dominion in this case seeks to extend this exception too far. It has alleged that Haulmark and its attorneys for the early part of this litigation were engaged in a scheme to commit fraud by using certain dates in their answer when they possessed knowledge that other dates may have also been correct. What Dominion argues, in effect, is that fraud or perjury was committed when Haulmark answered. I have concluded after reviewing the memorandum that the scope of discussion between Haulmark's officers and Haulmark's attorneys was within the normal bounds of tactical, legal planning. This conclusion is reinforced by a reading of the complaint and Haulmark's answer to it.

---

**5.** Haulmark essentially chose to use certain dates contained in the complaint rather than to assert other dates.

Upon a careful reading of the allegations made by Dominion and the case law, I conclude that the crime-fraud exception does not vitiate the attorney-client privilege of the work product doctrine in this case. I will therefore grant the motion to quash.