# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Liokareas Construction Company, Inc.     :
:
         v.                      : No. 1087 C.D. 2020
: ARGUED: October 21, 2021
West Greene School District, URS       :
Corporation, AECOM, as successor     :
in interest to URS Corporation, The     :
Hayes Design Group-Architects, Inc.,   :
and ACA Engineering                :
:
Appeal of: West Greene School District   :

BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge[1]
                   HONORABLE J. ANDREW CROMPTON, Judge[2]
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: January 20, 2022**

Appellant, West Greene School District, appeals from an order of the Court of Common Pleas of Greene County denying the School District's exceptions to the Special Discovery Master's decision on the motion to compel documents filed by Appellee, Liokareas Construction Company, Inc.[3] To the extent that the trial court ruled on the applicability of claims of evidentiary privilege, we conclude that the order is immediately appealable as a collateral order under Pennsylvania Rule of Appellate Procedure 313(b), Pa. R.A.P. 313(b). However, but for the exceptions

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] The Court reached the decision in this case prior to the conclusion of Judge Crompton's service on the Commonwealth Court.

[3] Having failed to file briefs, Appellees URS Corporation, AECOM, as successor in interest to URS, The Hayes Design Group-Architects, Inc. (HDG), and ACA Engineering (collectively, project participants) were precluded from participating in oral argument.

pertaining to the report of Garvin Boward Beitko Engineering, Inc. (GBBE Report), we are unable to ascertain whether the trial court erred in denying the remainder of the exceptions without access to the documents at issue. Accordingly, we affirm the trial court's denial of Exceptions b, c, d, and j, pertaining to the GBBE Report,[4] but remand this matter to the trial court with directions to remit to this Court, under seal and within thirty days of this Opinion and Order, the documents that the Master and/or the trial court considered *in camera* in rendering their respective decisions pertaining to Exceptions a, e, f, g, h, i, k, and l.[5]

---

[4] The exceptions pertaining to the GBBE Report provide:

> b. In Finding No. 11, that the GBBE [R]eport was not protected by [Pennsylvania Rule of Civil Procedure []] 4003.5(a)(3), Pa.R.Civ.P. 4003.5(a)(3) [Rule] (relating to discovery of expert testimony and trial preparation material)];

> c. In Finding No. 13, that the GBBE [R]eport was not protected by [Rule] 4005.3 [sic];

> d. In Finding No. 14, in support of his finding that the GBBE [R]eport was not protected by [Rule] 4005.3 [sic]; [and]

> . . . .

> j. In addition, in Finding No. 16, in determining that [Rule] 4003.5 did not protect the GBBE [R]eport and related communications.

(Dec. 23, 2019 Exceptions b, c, d, and j at 2-3; Reproduced Record "R.R." at 377a-78a.)

[5] Exceptions a, e, f, g, h, i, k, and l provide:

> a. In Finding No. 9, that URS and HDG, based on their respective contracts with [the School District], and as agents of [the School District], were not facilitating the provision of legal services by [the School District's] attorney;

> . . . .

> e. In Finding No. 15, in misapplying the new work-product rule (disclosure to adversary) pursuant to *Bousamra v. Excela*

**(Footnote continued on next page…)**

2

The pertinent background is as follows. In 2012, the School District initiated plans to build a new elementary school adjacent to the preexisting high school and middle school. In light of the large hillside at the construction area, the plans included a massive retaining wall at the rear of the building. The wall was to be approximately 760 feet in length and 35 feet in height at its tallest point. In 2013, the School District entered into contracts with Liokareas to act as the general prime contractor; HDG to provide architectural and design services; ACA Engineering, Inc. to provide engineering services; and URS Corporation to provide administrative, management, and coordination services. In June of 2013, a notice to

*Health*, 210 A.3d 967 (Pa. 2019)[,] to the attorney-client privilege evaluation of third-party waiver.

f. In addition, in Finding No. 15, applying the "potential adversarial position" analysis broadly to cover any communication throughout the entire project without regard to when any "potential adversarial position" allegedly arose.

g. In addition, in Finding No. 15, in concluding that a "potential adversarial position" existed between [the School District], URS and HDG/ACA.

h. In addition, in Finding No. 15, in concluding that URS and HDG/ACA were third parties not subject to the attorney-client privilege.

i. In addition, in Finding No. 16, in determining the attorney-client privilege was waived based on third[-]party presence to the communication.

. . . .

k. In determining that URS and HDG/ACA were not privileged agents of [the School District].

l. In determining that [the School District's] communication with URS and HDG/ACA was not for the purpose of securing either an opinion of law, legal services or assistance in a legal matter.

(Exceptions a, e, f, g, h, i, k, and l at 2-3; R.R. at 377a-78a.)

3

proceed with the work was issued. Following issues with construction of the wall, wall construction was completed in October 2014. However, a substantial portion of the wall collapsed in the early morning hours of November 7, 2014. Thereafter, the School District effectively removed Liokareas from the project and refused to pay it the balance due on its work.

In November 2014, Liokareas filed a praecipe for a writ of summons against the School District. In January 2016, Liokareas filed a second amended complaint, adding the project participants as additional defendants. The four counts of the complaint were as follows: (1) breach of contract against the School District; (2) a claim or claims against the School District under the Commonwealth Procurement Code;[6] (3) intentional/fraudulent misrepresentation against the School District and all other defendants; and (4) negligent misrepresentation against the School District and all other defendants. The case proceeded through the pleading stage and discovery continued until April 2017, when the School District filed a motion for protective order averring that any communication during the project in which the School District, its legal counsel, and the project participants participated should not be produced in discovery because it is privileged and contains attorney work-product. Consequently, the School District refused to produce documents that were sent to, copied to, received from, or otherwise routed through any lawyer from Peacock Keller, LLP, while work on the project was ongoing. Liokareas opposed the motion, arguing that no privilege applied.

Following unsuccessful attempts to resolve the discovery dispute, the trial court ordered the School District to produce a privilege log. Given the large number of documents ultimately at issue, the trial court directed the parties to engage

---

[6] 62 Pa.C.S. §§101-2311.

4

a Master. Subsequently, the trial court appointed a Master "for the limited purpose of determining the application of privilege to documents and e-mails[.]" (Dec. 28, 2017 Consent Order Appointing Master at 1; Reproduced Record "R.R." at 366a.) The trial court afforded the Master discretion to hear and to rule upon all discovery disputes in the motion to compel and to establish any procedures for consideration of any such motions, including the *in camera* review of documents.

After additional unsuccessful attempts to resolve the discovery dispute, Liokareas submitted its first motion to compel to the Master in September 2018.[7] Thereafter, the Master conducted *in camera* review of a select set of representative documents. In September 2019, Liokareas filed a second motion to compel averring that the School District had failed to produce all of the documents requested in accordance with the Master's preliminary report. Subsequently, the Master issued his final decision in December 2019 concluding that most of the documents at issue were not privileged. The School District's exceptions followed. (Dec. 23, 2019 Exceptions at 1-4; R.R. at 376a-79a.) Characterizing the Master's report as well reasoned, the trial court denied the exceptions. The School District's appeal followed.

The two cognizable issues for review are as follows: (1) whether the trial court's order is appealable; and (2) whether the trial court erred in determining that the GBBE Report was not protected from disclosure under Pennsylvania Rule of Civil Procedure 4003.5, Pa.R.Civ.P. 4003.5 (relating to discovery of expert testimony and trial preparation material). The School District posits additional

---

[7] The remaining Appellees advised the Master that they took no position.

issues for our review.[8] As noted, however, we are unable to conduct meaningful appellate review of disposition of the Exceptions a, e, f, g, h, i, k, and l without the documents that were considered *in camera* in rendering these decisions.

We turn first to the appealability of the trial court's discovery order denying the School District's exceptions to the Master's decision. Pennsylvania Rule of Appellate Procedure 313(b), Pa. R.A.P. 313(b), provides that an appeal may be taken as of right from a collateral order of a trial court if it meets the test for a collateral appeal: "(1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost." *Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011). All three prongs must be satisfied before an order may be subject to a collateral appeal. *Id.* In addition, the doctrine is to be construed narrowly in an effort to avoid piecemeal determinations and the consequent protraction of litigation. *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1129 (Pa. 2009).

As a general rule, discovery orders are not appealable as they do not dispose of the litigation. *Red Vision Sys., Inc. v. Nat'l Real Est. Info. Servs., L.P.*, 108 A.3d 54, 58 (Pa. Super. 2015). However, "orders overruling claims of privilege and requiring disclosure are immediately appealable under [Rule] 313." *Harris*, 32 A.3d at 251. With that, appellate review is not universally available whenever an

---

[8] The additional issues are as follows: (1) whether the trial court erred in concluding that the School District's claims of attorney-client privilege were waived based on the presence of the project participants to communications involving the School District, the School District's attorney, and the project participants; and (2) whether the trial court erred in denying the exceptions without reviewing the claimed privileged documents to determine whether their purpose was for legal services or assistance in a legal matter.

evidentiary privilege is claimed, as such privileges are highly disfavored. *Bousamra v. Excela Health*, 210 A.3d 967, 986 n.15 (Pa. 2019); *Red Vision Sys., Inc.*, 108 A.3d at 61. A colorable claim of privilege must be asserted that implicates potentially privileged material. *Red Vision Sys., Inc.*, 108 A.3d at 59; *see also Twp. of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 472 (Pa. Cmwlth. 2018) (where an order "purportedly directed the disclosure of allegedly privileged documents, it was immediately appealable under Rule 313").

In the present case, Liokareas asserts that *Harris* is distinguishable on its facts from the instant case because the alleged privileged material already has been exposed and, consequently, there is no immediacy attendant to the review of the trial court's order. In support, Liokareas cites *Commonwealth v. Buttolph* (Pa. Super., No. 1471 MDA 2012, filed November 26, 2013),[9] quashing an appeal taken from an order holding that marital privilege was waived because the alleged privileged material was already exposed. In other words, the bell already had been rung. According to Liokareas, the alleged privileged material that already has been disclosed is the GBBE Report attached as Exhibit D to its Second Amended Complaint. While still maintaining that the Report was never privileged, Liokareas argues that the claimed privilege has been waived as to the Report itself and, therefore, to all communications related to the Report. Accordingly, it contends that the collateral order rule does not apply.

Indisputably, the GBBE Report has been disclosed. As noted, "once material has been disclosed, any privilege is effectively destroyed." *Harris*, 32 A.3d at 249. Consequently, as we discuss at greater length below, the case is moot with regard to that document. However, in light of the fact that the Master and the trial

---

[9] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b)(2), Pa. R.A.P. 126(b)(2), non-precedential decisions may be cited for their persuasive value.

court ruled on the applicability of multiple claims of evidentiary privilege, some of which were sustained, we conclude that the discovery order is appealable as a collateral order.

We turn next to the GBBE Report. In April 2014, URS engaged GBBE to conduct a limited review of the retaining wall design. (Finding of Fact "F.F." No. 11.) Joseph F. Boward, P.E., opined that the partially-constructed retaining wall was potentially unstable, concluding: "[T]o a reasonable degree of engineering certainty, it is my professional opinion that, based on my review of the Redi-Rock mass gravity retaining wall design documents provided to me by URS Corporation, the wall design does not meet the generally accepted local standards of care." (Second Am. Compl., Ex. D, Apr. 10, 2014 GBBE Report at 11; R.R. at 53a.)

The Master concluded that the GBBE Report was not protected under Pennsylvania Rule of Civil Procedure 4003.5(a)(3), stating: "Even if litigation was threatened or 'anticipated,' the GBBE [R]eport is a second opinion on whether the retaining wall design documents 'meet the generally accepted local engineering standard of care.'" (F.F. No. 11.) In support, the Master observed that correspondence from Lucas Turko of URS to Joseph F. Boward, P.E., indicated that "the scope of the requested review 'is strictly to determine if the design is adequate for the subsurface conditions present. Investigation into potential wall issues that may exist and/or responsibility for those problems (i.e., forensic study) is not part of the scope.'" (*Id.*) In addition, the Master noted that the GBBE Report stated: "No analysis of the cause of any potential site disturbances/distresses, currently constructed retaining wall and/or superjacent hillside stability, possible professional negligence, potential viable remedial options or forensic studies are herein intentionally included." (F.F. No. 12.) In other words, the GBBE Report was a

review of the safety of the design of the retaining wall consistent with normal engineering and construction practice in order to evaluate and secure a safe retaining wall. (F.F. No. 13.) "It was an effort to ascertain the nature of the problem so a course of action forward in design and construction could be determined." (*Id*.) In concluding that the GBBE Report was not protected from discovery, the Master stated that "[t]he fact that it was shared with all the parties reinforces my conclusion that it is not protected . . . ." (*Id*.)

The parties disagree as to how and when Liokareas obtained the GBBE Report, which the School District shared with other project participants and Liokareas attached as an exhibit to its second amended complaint.[10] The School District argues that the GBBE Report should have been protected from disclosure under Rule 4003.5, relating to discovery of expert testimony and trial preparation material, and the work-product doctrine, providing that the "work-product doctrine is waived when the work product is shared with an adversary, or disclosed in a manner which significantly increases the likelihood that an adversary or anticipated adversary will obtain it." *Bousamra*, 210 A.3d at 978. Noting its refusal to provide Liokareas with the GBBE Report, the School District argues that sharing it with others did not constitute a waiver of either Rule 4003.5 or the work-product doctrine.

The School District's position is without merit. By providing other project participants with the GBBE Report, the School District arguably shared with others in a manner that significantly increased the likelihood that Liokareas would obtain it. In any case, however, it matters not how the report was disclosed to Liokareas because the School District's claim of privilege is moot. As noted, "once

---

[10] (Jan. 22, 2016 Second Am. Compl., Ex. D; R.R. at 44a.)

9

material has been disclosed, any privilege is effectively destroyed." *Harris*, 32 A.3d at 249.

Accordingly, we affirm the trial court's denial of Exceptions b, c, d, and j, pertaining to the GBBE Report. However, we remand this matter to the trial court with directions to remit to this Court, under seal and within thirty days of this Opinion and Order, the documents that the Master and/or the trial court considered *in camera* in rendering their respective decisions pertaining to Exceptions a, e, f, g, h, i, k, and l.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Liokareas Construction Company, Inc.    :
                                          :

                   v.                        : No. 1087 C.D. 2020
                                            :

West Greene School District, URS      :
Corporation, AECOM, as successor    :
in interest to URS Corporation, The   :
Hayes Design Group-Architects, Inc.,  :
and ACA Engineering               :
                                            :

Appeal of: West Greene School District  :

## **O R D E R**

AND NOW, this 20th day of January, 2022, the order of the Court of Common Pleas of Greene County is hereby AFFIRMED as to the denial of Exceptions b, c, d, and j, pertaining to the Garvin Boward Beitko Engineering, Inc. Report.

Further, this matter is REMANDED to the trial court with directions to REMIT to Commonwealth Court, under seal and within thirty (30) days of this Opinion and Order, the documents that the Master and/or the trial court considered *in camera* in rendering their respective decisions pertaining to Exceptions a, e, f, g, h, i, k, and l.

Jurisdiction retained.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita